

**FILED**
**Jan 11, 2022**
**12:20 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Brent Bumgarner | ) | Docket Nos. 2021-06-0220 |
| | ) | 2021-06-0221 |
| v. | ) | |
| | ) | State File Nos. 800201-2021 |
| Amazon.com Services, LLC, et al. | ) | 7772-2021 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded

---

The employer appeals the trial court's denial of its motion to dismiss the employee's claim for workers' compensation benefits, contending the trial court abused its discretion in denying its motion. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

W. Troy Hart and Adam C. Brock-Dagnan, Knoxville, Tennessee, for the employer-appellant, Amazon.com Services, LLC

Brent C. Bumgarner, Franklin, Tennessee, employee-appellee, pro se

Ronald McNutt, Nashville, Tennessee, for the appellee, Subsequent Injury and Vocational Recovery Fund

### Memorandum Opinion[1]

In April 2021, Brent Bumgarner ("Employee") filed a petition for workers' compensation benefits alleging he suffered a low back injury in the course and scope of his employment with Amazon.com Services, LLC ("Employer") on November 25, 2020,

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

when he tried to catch or deflect a box that had become dislodged. According to Employee, he was "picking" a specific shoe box located on the top shelf of a rack approximately seven feet high, and, when he pulled the shoe box from the rack, another larger box containing "heavier boots" was dislodged and fell toward Employee's head and face. Employee stated his "natural instinct was to try and catch or at least deflect the box away from [his] face" and that, "in doing so, [he] felt a slight twinge of sharp pain in the lower middle of [his] back." Employee continued to work the remainder of his shift, and he reportedly began to experience "ever-increasing tightness and discomfort." Ultimately, upon returning from his lunch break, Employee reported the incident to operations personnel who then directed Employee to Employer's on-site medical clinic for evaluation.

There has not been an evidentiary hearing in this case. We have gleaned the facts from various filings of the parties, including Employer's brief on appeal. As set out in a declaration filed by Employee pursuant to Rule 72 of the Tennessee Rules of Civil Procedure, Employee was asked in Employer's medical clinic whether he wanted to complete paperwork to make a claim and was told he could do so "sometime within the next ten days." Approximately ten days later, Employee completed "paperwork" to assert a claim, and Employer provided a panel of physicians from which Employee selected Dr. Harold Nevels as his treating physician.

Employee first saw Dr. Nevels on December 10, 2020. After performing a physical examination and obtaining x-rays of Employee's back, Dr. Nevels diagnosed Employee with a lumbar strain and, according to Employee, returned him to work that same day with "minimal restrictions." Employee returned to Dr. Nevels on two subsequent occasions. According to Employer, at Employee's December 28 visit, Dr. Nevels determined Employee to be "fifty percent (50%) [back] to normal working levels." Employee, however, disagreed with this assessment and refused to continue treating with Dr. Nevels. Instead, Employee sought unauthorized medical treatment with Dr. Michael McNamara, an orthopedist whom Employee first saw in early January 2021. According to Employee, Dr. McNamara ordered x-rays and subsequently arranged an MRI of Employee's back that purportedly revealed "a ruptured disc and a bulging disc." Dr. McNamara referred Employee for epidural steroid injections.

Employer scheduled Employee to be seen by Dr. Gary Stahlman, an orthopedist, on March 8, 2021. Employee stated in his declaration that when he appeared for the appointment he was asked if he brought copies of his x-ray and MRI films. When he responded "no," he was told that Dr. Stahlman would not see him without the films and that he would have to make an appointment to come back when he had them with him. Employee stated he was not instructed to bring the films with him and that he was very frustrated with the time it took for Employer to schedule an appointment for him to be seen by the doctor, only to learn at his visit that the doctor would not see him. The parties dispute the specifics of what was said during Employee's visit to Dr. Stahlman's

office, but Employee was escorted out of the doctor's offices by security officers. According to Employer, "premised on non-compliance, Dr. Stahlman chose not to treat Employee."

In April 2021, Employee filed a petition for workers' compensation benefits. A dispute certification notice evidenced the parties' unsuccessful efforts to resolve Employee's claim for temporary disability and medical benefits through mediation. Thereafter, Employer filed a motion to dismiss Employee's claim. As its bases for the motion, Employer asserted that Employee failed to appear for a deposition that the parties had agreed to, failed to respond to written discovery Employer submitted, failed to request a hearing within sixty days of the filing of the notice of dispute certification, and "has not demonstrated any effort to prosecute his case." Employer cited Rule 41.02(1) of the Tennessee Rules of Civil Procedure and Tenn. Comp. R. and Regs. 00800-02-21-.11(1) as authority supporting its motion.

In August 2021, the trial court issued an order requiring Employee to appear on August 31 and "show cause why this case should not be dismissed for failure to file a hearing request within sixty days of filing of the dispute certification notice." In addition, the order provided that Employer's motion to dismiss would also be heard at that time. Employee appeared telephonically on the scheduled date and time but, according to the trial court's order, "was undergoing emergency treatment," and the court continued the hearing to September 27. Following the September 27 hearing, the trial court issued an order requiring Employee to "file a request for expedited hearing and an affidavit or Rule 72 declaration on or before **October 11**." The order set an October 20 hearing on Employer's motion to dismiss.

Employee filed a request for hearing accompanied by a Rule 72 declaration on October 16, and Employer's motion to dismiss was heard on October 20. The court denied Employer's motion, including four reasons for its denial: (1) Employee had previously indicated he "plans to proceed with his claim, and he reiterated that desire at [the] hearing"; (2) "any delay in moving the case forward has been minimal"; (3) "a dismissal with prejudice at this stage seems harsh" in light of Employee's ongoing health problems and considering "the judicial system's preference for disposing of cases on the merits"; and (4) Employee stated he "understood that he must comply with all rules." The order allowed the parties to proceed with discovery in preparation for Employee's evidentiary hearing. Employer has appealed.

In its notice of appeal, Employer identifies the issue on appeal as "[w]hether the trial [court] abused its discretion in denying Employer's Motion to Dismiss pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure." The issue is stated similarly in Employer's brief on appeal but without reference to Rule 41.02, questioning "[w]hether the trial court abused its discretion in denying Employer's Motion to Dismiss Employee's workers' compensation claim."

3

Rule 41.02(1) of the Tennessee Rules of Civil Procedure provides that a defendant may move for dismissal of any claim "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Tennessee appellate courts have recognized that Rule 41.02(1) "is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment." *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). A trial court's decision under Rule 41.02(1) is reviewed under an abuse of discretion standard. *See Urtuzuastegui v. Kirkland*, 366 S.W.3d 128 (Tenn. Ct. App. 2011). In *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515 (Tenn. 2010), Justice Koch addressed an appellate court's role when asked to review a question involving the trial court's discretion:

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Id.* at 524 (citations omitted).

In its brief addressing the four reasons cited by the trial court for denying its motion, Employer requests we "find that the trial court's [o]rder is illogical." First, while acknowledging that Employee's desire to proceed with his claim is "a factor to consider," Employer asserts that Employee's desire "is immaterial here, as Employee's actions directly contravene his contentions." However, Employer fails to address any facts or circumstances alleged to "contravene" Employee's expressed intention to proceed with his claim, and we find no merit in Employer's insistence that Employee's desire to proceed with his claim is immaterial.

The trial court's second reason for denying Employer's motion to dismiss was that "any delay in moving the case forward has been minimal." Employer asserts the trial court reached this conclusion "absent any substantiating premises," yet Employer fails to identify any facts or circumstances suggesting there has been or will be a substantial delay in the resolution of Employee's claim. Employee's petition for benefits was filed on April 13, 2021. As a result of the show cause order entered on September 27, 2021, Employee was required to file a request for an expedited hearing supported by an affidavit or Rule 72 declaration by October 11, 2021, and he filed his request with a supporting declaration, albeit on October 16. The show cause order also scheduled Employer's motion to dismiss for an October 20 hearing. Following the October 20 hearing, the court issued an order on October 21 denying Employer's motion. The

4

October 21 order set dates by which Employee was required to respond to written discovery, a date by which Employee's deposition was to be completed, and a date for a status hearing conference at which the trial court would set an expedited hearing, "if appropriate." However, Employer's appeal of the trial court's denial of its motion to dismiss has delayed those dates pending our remand of the case. We find no merit in Employer's insistence that it was illogical for the trial court to conclude that any delay attributable to Employee in moving the case forward is minimal.

The trial court's third stated reason for denying Employer's motion was that "a dismissal with prejudice at this stage seems harsh" in light of Employee's ongoing health problems and considering "the judicial system's preference for disposing of cases on the merits." Employer attacks the trial court's reasoning by asserting Employee "did not prove the existence of any such health problems," insisting that "any reliance by the trial court on Employee's unsubstantiated claims regarding his health problems, therefore, is inappropriate." The hearing on Employer's motion to dismiss was not an evidentiary hearing, and Employee was not burdened with "proving the existence" of any health problems at the hearing. Instead, Employer had the burden of persuading the trial court that its motion had sufficient merit for the court to dismiss Employee's claim, and it failed to do so. Accordingly, we find no merit in Employer's assertion that it was inappropriate or illogical for the trial court to consider Employee's statements regarding his ongoing health issues in assessing the merits of Employer's motion.

Finally, Employer takes issue with the trial court's statement that Employee indicated he "understood that he must comply with all rules." In its brief on appeal, Employer provides two sentences addressing the court's statement:

> Employee's understanding of the rules does *not* logically lead to the conclusion that he will comply with the Tennessee Rules of Civil Procedure or the Rules and Regulations of the State. Rather, the trial court merely works backward from its conclusion, and as a result, there is an utter lack of accountability on the part of Employer.

Although we presume Employer intended to assert there is a lack of accountability on the part of Employee, rather than Employer, we find no merit in Employer's assertion.

For the reasons expressed above, we are not persuaded by Employer's assertion that the trial court's reasons for denying its motion are "illogical," and we find no merit in Employer's insistence that the trial court abused its discretion in denying Employer's motion to dismiss Employee's claim. Accordingly, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.

5



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Brent Bumgarner | ) | Docket Nos. 2021-06-0220 |
| | ) | 2021-06-0221 |
| v. | ) | |
| | ) | State File Nos. 800201-2021 |
| Amazon.com Services, LLC, et al. | ) | 7772-2021 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of January, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart Adam Brock-Dagnan | | | | X | wth@mijs.com acbrock-dagnan@mijs.com |
| Brent Bumgarner | | | | X | brent.bumgarner@yahoo.com |
| Ronald McNutt | | | | X | ronald.mcnutt@tn.gov |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov